UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RANDAL ROSADO,

                Plaintiff,

-against-

PAMELA JO BONDI, MICHAEL BROWN,
STEPHEN RUSSELL, LINDA DOGGETT ET AL.,

                Defendants.

7:16-CV-6916 (NSR)

OPINION

NELSON S. ROMÁN, United States District Judge

*Pro se* Plaintiff Randal Rosado commenced this action on September 2, 2016, alleging multiple civil rights violations by various parties from New York and Florida. This Court liberally construed Plaintiff's claims as arising under 42 U.S.C. § 1983. Order of Service at 5, *Rosado v. Bondi*, 7:16-CV-6916 (NSR) (S.D.N.Y. Sept. 21, 2016). Before the Court are three motions to dismiss on behalf of Defendants Mike Scott, Linda Doggett, Pamela Jo Bondi, Stephen B. Russell, and Michael J. Brown. For the reasons set forth below, all three motions to dismiss for lack of personal jurisdiction are GRANTED without prejudice.

### Facts

The following allegations are taken from the complaint. Plaintiff faces several criminal charges in the State of Florida. In connection with those proceedings, Defendant Mike Scott allegedly issued a warrant for Plaintiff's arrest. (Compl. at 8.) On June 28, 2016, police officers and federal agents executed the search warrant on Plaintiff's home located in Goshen, New York

at approximately 6:10am. (*Id.*)  Members of the Lee County FBI awakened Plaintiff and his wife as they entered the residence and announced their presence. (*Id.*)

Without explaining the cause of the arrest, the agents quickly handcuffed Plaintiff, asked him to change, and turned him over to Defendant Keith Wilkerson of the Village of Goshen Police Department (VOGPD). (*Id.* at 8–9.) Defendant Wilkerson then transported Plaintiff to the VOGPD station. (*Id.* at 9.) At the police station, a man by the name of Robert Nichols[1] removed Plaintiff's handcuffs and directed Plaintiff into Defendant Sergeant Ryan W. Rich's office. In the presence of an unidentified employee of the FBI, Nichols told Plaintiff that he wished to speak with him and read Plaintiff his *Miranda* rights. (*Id.*) Nichols then gave Plaintiff a waiver form prior to further questioning, which Plaintiff refused to sign. (*Id.*) Following Plaintiff's refusal to sign, Nichols informed Plaintiff that he was "accused of crimes involving certain individuals and entities known to him who had contacted him for consultation in the past." (*Id.*) Nichols then left the room, noting that he looked forward to speaking with Plaintiff in Florida. (*Id.* at 9–10.)

Wilkerson reapplied the handcuffs and took Plaintiff's photograph, fingerprints, and wrote the arrest report. (*Id.* at 10.) Defendant Rich assisted Defendant Wilkerson in processing Plaintiff. Defendant Wilkerson and Defendant Rich took Plaintiff to the Town Hall for his arraignment and then to the Orange County Jail. (*Id.*)

Two days later, on June 30, 2016, Plaintiff appeared before Orange County Supreme Court Judge Nicholas DeRosa for an extradition hearing. Judge DeRosa informed Plaintiff of the charges against him, and Plaintiff refused extradition to Florida. (*Id.* at 10–11.) Plaintiff again appeared before Judge DeRosa on July 28, 2016 for his second extradition hearing.

---

[1] Plaintiff alleges that Nichols "represented" Defendant Stephen Russell in New York simply because Nichols is "from" Defendant Russell's office. (Compl. at 9.)

2

Plaintiff's attorney attempted to convince Plaintiff to waive extradition, but Plaintiff refused. Plaintiff then notified his attorney that he had filed a writ of *habeas corpus*, alleging that he was not in Lee County, or likely not even in Florida, at the time of the alleged underlying crime. (*Id.*) Plaintiff was eventually extradited to Florida, where he is currently being held.

The moving parties move to dismiss the complaint.

### **Standard on a Motion to Dismiss for Lack of Personal Jurisdiction**

"The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements." Jonas v. Estate of Leven, 116 F. Supp. 3d 314, 323-24 (S.D.N.Y. 2015) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F.3d 50, 59 (2d Cir. 2012)). First, "the plaintiff's service of process upon the defendant must have been procedurally proper"; second, "there must be a statutory basis for personal jurisdiction that renders such service of process effective"; and third, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Licci ex re. Licci*, 673 F.3d at 59-60.

The plaintiff bears the burden of establishing jurisdiction and must make a prima facie showing that jurisdiction exists. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* at 35 (internal quotation marks omitted). The plaintiff must also "establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

Further, "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, *see* Fed. R. Civ. P. 11, legally sufficient allegations

3

of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990); *accord Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

In deciding a Federal Rules of Civil Procedure 12(b)(2) motion, the district court may consider materials outside the pleadings, including affidavits and other written materials. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 298 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997). The court assumes the verity of the allegations "to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc.*, 702 F.3d at 727 (internal quotation marks omitted). Nonetheless, all factual doubts or disputes are to be resolved in the plaintiff's favor. *See, e.g., A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

A district court must have a statutory basis for exercising personal jurisdiction. *See Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir.2005). This a federal question case where a defendant resides outside the forum state and the federal statute, 42 U.S.C. § 1983, does not specifically provide for national service of process. *Barclay v. Hughes*, 462 F.Supp.2d 314, 315, n. 3 (D. Conn. 2006); *see PDK Labs., Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997) (noting that the Court must first look to the federal statute to see whether it provides for national service of process). Thus, we apply "the forum state's personal jurisdiction rules" and therefore look to New York State long-arm statute. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013).

Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is domiciled in New York, served with process in New York, or continuously and systematically does business in New York. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990); *Pichardo v. Zayas*, 122 A.D.3d 699,

4

702, 996 N.Y.S.2d 176, 180 (2d Dept. 2014); *see also Wells Fargo Bank Minnesota, N.A. v. ComputerTraining.Com, Inc.*, No. 04-CV-0982, 2004 WL 1555110, at *2–3 (S.D.N.Y. July 9, 2004). "Although the 'doing business' test is most often used to find jurisdiction over a corporate defendant, this test can be applied to a nonresident individual." *Patel v. Patel*, 497 F.Supp.2d 419, 425 (E.D.N.Y. 2007). In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts either in person or through an agent and such acts relate to an asserted claim: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state but injures a person or property in the state; or (4) owns, uses, or possesses any real property in the state. N.Y. C.P.L.R. § 302(a).

Although the "plaintiff bears the ultimate burden of establishing jurisdiction over the defendant by a preponderance of evidence," *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)), the Court will "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[ ]" when considering whether such a showing has been made. *Licci*, 732 F.3d at 167 (citing *Chloe v. Queen Bee of Beverly Hills*, LLC, 616 F.3d 158, 163 (2d Cir. 2010)). Further, "[w]here, as here, a plaintiff proceeds *pro se*, the court must 'construe [] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s].' " *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 499261, at *2 (S.D.N.Y. Sept. 16, 2016) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (citing *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## Personal Jurisdiction

Plaintiff alleges that the moving Defendants violated his constitutional rights as a result of the executed search warrant in New York. Plaintiff also alleges that the moving Defendants violated various federal statutes in their individual and official capacities.

Plaintiff accuses Defendant Mike Scott, the Sheriff of Lee County, Florida, of issuing an allegedly baseless Florida warrant that culminated in his arrest and detention in New York. (Compl. at 6, 8.) Plaintiff alleges that Defendant Mike Scott: (1) violated Title 18 U.S.C. § 241 and § 242 by conspiring against the Plaintiff's rights in issuing the arrest warrant (*Id.* at 6.); (2) created a warrant using false and fabricated evidence in order to force jurisdiction by labeling Plaintiff as a fugitive of Florida in order to enslave him (*Id.* at 35); and (3) denied Plaintiff's right to a reasonable defense. (*Id.* at 36.)

Plaintiff accuses Defendant Linda Doggett, Clerk and Comptroller for Lee County, Florida, of: (1) violating her oath of office, 18 U.S.C. § 3571; (2) conspiring against the Plaintiff and depriving him of his rights under color of law; and (3) filing a civil case against Plaintiff in Leon County, Florida, without any lawful justification. (Compl. at 4.)

Plaintiff alleges that Defendant Florida Attorney General Pamela Jo Bondi made false statements and fabricated evidence in Lee County, Florida, and filed an unmeritorious civil suit against him in Florida. In doing so, Plaintiff accuses her of: (1) violating 18 U.S.C. § 241 and § 242 by conspiring against him and violating her state oath of office; and (2) depriving him of his constitutional rights. (Compl. at 3, 18.)

Plaintiff accuses State Attorney Stephen B. Russell of: (1) conspiring with a non-party to violate and deprive him of his rights by unlawfully seizing property from his residence in violation of 18 U.S.C. § 241, § 242, and § 2112; (2) violating his Fourth Amendment rights and,

as a result, 18 U.S.C. § 3571; (3) police misconduct in violation of 42 U.S.C. § 14141; and (4) defamation pursuant to 28 U.S.C. § 4101. (Compl. at 3–4, 9, 10.) Plaintiff also alleges that Russell stole numerous items in a search and seizure executed by Defendant Russell at Plaintiff's residence in New York and at a storage unit he rents in Vero Beach, Florida. (Compl. at 14, 19, 20, 34.)

Finally, Plaintiff accuses Assistant State Attorney Michael J. Brown of blatantly lying, conspiring, and making false written statements against the Plaintiff concerning real estate in Palm Beach and Collier Counties, Florida. (Compl. at 3, 17.) Plaintiff accuses Defendant Brown of: (1) violating 18 U.S.C. § 241, § 242 by falsely accusing Plaintiff of forging deeds in Florida; (2) violating 28 U.S.C. § 4101 for defamation of character through actions taken in Florida (Compl. at 3, 17.); (3) violating Plaintiff's Fourth Amendment rights by searching his property in Vero Beach, Florida (Compl. at 34.); and (4) violating his oath of office under 18 U.S.C. § 3571. (Compl. at 3.)

Defendants seek to dismiss on several grounds pursuant to Rule 12(b), or in the alternative, transfer the case to the Middle District of Florida. The Court opts to consider the jurisdictional questions first, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), and finds that they dispose of each of the pending motions, and therefore does not reach the issue of whether the complaint sets forth valid claims for relief pursuant to Rule 12(b)(6). *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (stating that if "a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground.").

Plaintiff's complaint fails to allege sufficient facts for the Court's exercise of personal jurisdiction over the moving Defendants. Plaintiff's *pro se* complaint does not explicitly argue

that this Court has personal jurisdiction over the Defendants. Even interpreting the complaint liberally, *see Askew*, No. 15-CV-7496 (KMK), 2016 WL 499261, at *2, sufficient facts do not exist warranting exercise of personal jurisdiction. At a minimum, Plaintiff "need only allege facts constituting a prima facie showing of personal jurisdiction to survive a Rule 12(b)(2) motion." *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F.Supp.3d 219, 228 (S.D.N.Y. 2006). Here, Plaintiff failed to meet that threshold with respect to the moving Defendants. Given the volume of Defendants, the Court takes each in turn.

### Defendant Scott

Defendant Mike Scott is the Sheriff of Lee County, Florida. Plaintiff alleges that he issued a baseless warrant in Florida which lead to his arrest and detention in New York, along with other federal violations. (Compl. at 6, 8.) The allegations against Defendant Scott are insufficient to create personal jurisdiction under N.Y. C.P.L.R. § 301 or § 302 because the allegations occurred in Florida, with insufficient activity in New York.

Determining personal jurisdiction over an out-of-state Defendant requires "we look to the law of the forum state to determine whether personal jurisdiction will lie." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). Under New York Law, this Court can exercise general jurisdiction pursuant to N.Y. C.P.L.R. § 301 if the Defendant is "doing business" in the state. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir.2000). A Defendant is "doing business" in the state for the purposes of § 301 when Defendant engages in "continuous, permanent and substantial activity in New York." *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990). Under New York Law, this Court can exercise specific jurisdiction pursuant to N.Y. C.P.L.R. § 302 when the Defendant engages in the enumerated activities.

Plaintiff alleges insufficient facts to create personal jurisdiction under N.Y. C.P.L.R. § 301 or § 302. Plaintiff alleges that Defendant Scott issued a baseless warrant in Florida which lead to his arrest and detention in New York. Plaintiff also alleges violations of federal law for other conduct in Florida. Plaintiff does not allege facts which would place Defendant Scott within N.Y. C.P.L.R. § 301 or § 302.

Reading the complaint liberally, Plaintiff does not allege facts which indicate that Defendant Scott's purported actions were "continuous, permanent and substantial activity in New York" within the meaning of N.Y. C.P.L.R. § 301. *Landoil Resources Corp.*, 918 F.2d at 1043. Nor does a liberal reading of the complaint situate Defendant Scott's actions within the reach of New York's long-arm statute. The complaint alleges that Defendant Scott's actions took place in Florida. *See Doe v. Delaware State Police*, 939 F. Supp. 2d 313 (S.D.N.Y. 2013) (analyzing the effect of transient out of state police activity within the meaning of § 302). Defendant Scott was never in New York, nor did he participate in the execution of the search warrant in New York. Thus, this Court cannot exercise personal jurisdiction under N.Y. C.P.L.R. § 301 or § 302. Accordingly, this Court dismisses all claims against Defendant Scott for lack of personal jurisdiction, without prejudice.

**Defendant Doggett**

Defendant Linda Doggett serves as Clerk and Comptroller for Lee County, Florida. Plaintiff alleges that she violated his constitutional rights and various federal laws as a result of actions that took place in Florida. Plaintiff alleges insufficient facts warranting the exercise of personal jurisdiction over her.

Defendant Doggett is based in Florida. The facts alleged by Plaintiff took place in Florida, with insufficient ties to New York. The Plaintiff alleges that Defendant Doggett

9

fabricated evidence to "create an unlawful arrest warrant in order to claim jurisdiction to kidnap Plaintiff. . ." (Compl. at 21.) The alleged fabrication, and the ensuing warrant, occurred in Florida. Defendant Doggett also named Plaintiff as a party to an allegedly retaliatory civil case in Florida (*Id.* 30.). That allegedly retaliatory offense is currently pending in Florida. Additionally, Plaintiff alleges that Doggett possesses some of the evidenced seized during the New York search, presumably in Florida where she resides. (*See id.* at 32.) Plaintiff also alleges that Doggett is "manipulating and tainting the evidence to suit an agenda without oversight" and using the evidence to "commit additional crimes against them to deliberately damage their reputation and to cause malice" (*Id.* at 33.), again, in Florida. Finally, Doggett presumably "denied [Plaintiff's] right to a reasonable defense" by issuing the warrant and not allowing the Plaintiff to address the false allegations in his Florida state criminal trial. (*Id.* at 36.)

Under these facts, there is no reasonable argument that this court can exercise personal jurisdiction over Defendant Doggett under § 301 or § 302. All the allegations against her concern actions taken in Florida with repercussions in Florida. Even if the allegation of her false statements leading to the arrest warrant are true, the actions (the fabrication and issuance of the warrant) occurred in Florida. *See Penguin Group (USA) v. American Buddha*, 609 F.3d 30, 39 (2d Cir. 2010). The allegations are insufficiently related to any actions, or continued actions, concerning Defendant Doggett and the State of New York. Thus, the claims against Defendant Doggett are out of the jurisdictional reach of N.Y. C.P.L.R. § 301 or § 302. The claims against Defendant Doggett are dismissed for lack of personal jurisdiction, without prejudice.

**Defendant Bondi, Defendant Russell, & Defendant Brown**

Defendants Bondi, Russell, and Brown moved together for dismissal of Plaintiff's claims for lack of personal jurisdiction. Each defendant faces different allegations, therefore this Court will review them in turn.

Defendant Bondi is the Attorney General of the State of Florida. Plaintiff alleges that Defendant Bondi "signed off to seek charges against Plaintiff and the filing of a civil case in Leon County [Florida] without lawful merit." (Compl. at 18.) Further, Plaintiff alleges that Defendant Bondi violated 18 U.S.C. § 241 and § 242 "for conspiracy and deprivation of rights under color of law, and for violating her oath of office (Title 18 U.S.C. 2571)" for conduct occurring in Florida.

The alleged facts that Defendant Bondi "signed off" on the "Commencement of Action" as Plaintiff alleges (*Id.*), and conspired against him, are insufficient to satisfy New York's jurisdictional statutes. All the allegations against Defendant Bondi occurred in Florida and are tied to the underlying criminal charges against Plaintiff. The complaint does not allege that Defendant Bondi committed actions, or is involved in actions, that fall under the New York jurisdictional statutes. Thus, this Court cannot exercise personal jurisdiction over Defendant Bondi under N.Y. C.P.L.R. § 301 or § 302.

Defendant Russell is a State Attorney in Florida's Twentieth Judicial Circuit. Plaintiff accuses him of violating his rights in violation of 18 U.S.C. § 241, § 242 and §2112. (Compl. 3–4, 9, 10.) Plaintiff also alleges a Fourth Amendment violation, police misconduct violation under 42 U.S.C. §14141, and defamation under 28 U.S.C. §4101. (*Id.*) Plaintiff alleges that Defendant Russell stole items in a search and seizure executed by Defendant Russell at a storage unit in Vero Beach, Florida. (Compl. at 19–20.) Defendant Russell, allegedly under the representation

11

of Robert Nichols, lead a conspiracy against the Plaintiff, violating his rights under the Constitution and participating in grand theft of property from the Plaintiff's residence. (*Id.* 3–4.)

This court lacks personal jurisdiction to adjudicate these claims. At the outset, it bears clarifying that, according to the complaint, Defendant Russell never stepped foot in New York.[2] Thus, all the allegations against Defendant Russell stem from his actions in Florida. It was Robert Nichols, not Defendant Russell, who was present in New York when Plaintiff's home was searched, and who interacted with the Plaintiff in his home and at the VOGPD station. Since the allegations strictly concern Defendant Russell's conduct in Florida, and the complaint does not allege that Defendant Russell committed actions, or is involved in actions, that fall under the New York jurisdictional statutes, the facts alleged against Defendant Russell are insufficient to create personal jurisdiction pursuant to N.Y. C.P.L.R. § 301 or § 302.

Finally, Defendant Brown is a former Assistant State Attorney for Florida's Twentieth Judicial Circuit. Plaintiff accuses him of lying, conspiring, making false written statements against the Plaintiff, and defamation in violation of 28 U.S.C. § 4101, 18 U.S.C. § 241 and § 242. (Compl. at 3, 5.) Plaintiff asserts that Defendant Brown supplied lies and incorrect dates of forged deeds that went into a report to the Governor of Florida, with the purpose of defaming Plaintiff. (*Id.* at 17.) Plaintiff also alleges that Defendant Brown participated in an unlawful search and seizure of Plaintiff's property in Vero Beach, Florida. (*Id.* at 34.) Finally, Plaintiff alleges that Defendant Brown fabricated evidence to create an unlawful arrest warrant in order to claim jurisdiction to kidnap him. (*Id.* at 21.)

---

[2] Even if the Court construes the claims against Defendant Russell under an agency theory, the fleeting activity in New York is insufficient for the Court to exercise personal jurisdiction over Defendant Russell. *See Doe v. Delaware State Police*, 939 F. Supp. 2d 313 (S.D.N.Y. 2013).

This Court cannot exercise personal jurisdiction over Defendant Brown. Plaintiff's allegations strictly concern Defendant Brown's actions in Florida, and the complaint does not allege that Defendant Brown committed actions, or is involved in actions, that fall under the New York jurisdictional statutes. Thus, the facts alleged against Defendant Brown are insufficient to create personal jurisdiction pursuant to N.Y. C.P.L.R. § 301 or § 302.

## Conclusion

In accordance with the foregoing, Defendant Scott's motion to dismiss for lack of personal jurisdiction in GRANTED, Defendant Doggett's motion to dismiss for lack of personal jurisdiction is GRANTED, and Defendants Bondi, Brown and Russell's motion to dismiss for lack of personal jurisdiction is GRANTED.

Plaintiff and the remaining Defendants Keith Wilkerson, Ryan W. Rich, Village of Goshen, and Gregory Keleman are directed to confer and submit a joint proposed case scheduling order for the Court's consideration within 21 days of this order.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 32, 41, and 44. The Clerk of Court is further directed to terminate Defendants Scott, Doggett, Bondi, Brown and Russel from this action because no claims remain against them.

Dated: October 27, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

                              Plaintiff(s),

- against -

                              Defendant(s).

Rev. Jan. 2012

**CIVIL CASE DISCOVERY PLAN
AND SCHEDULING ORDER**

_____ CV _____ (NSR)

------------------------------------------------------------X

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.

Dated: White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge