UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RANDAL ROSADO,

                    Plaintiff,

-against-

VILLAGE OF GOSHEN, ROBERT NICHOLS, RYAN RICH, GREGORY KELEMAN, ROBERT FOLEY, MICHAEL HOWARD, JILLIAN GUERRERA, MICHAEL CASTNER, JOHN FARRELL

                     Defendants.

7:16-CV-6916 (NSR)

OPINION

NELSON S. ROMÁN, United States District Judge

Plaintiff Randal Rosado ("Plaintiff") proceeding *pro se* commenced this action asserting multiple 42 U.S.C. § 1983 ("Section 1983") claims for allege civil rights violations against various defendants from New York and Florida. Before the Court are Defendants' motions pursuant to Fed. R. Civ. P. §§ 12(b)(1) and 12(b)(6) seeking to dismiss Plaintiff's Complaint for failure to assert a claim upon which relief may be granted. (ECF No. 105, 130 & 134.) For the following reasons, Defendants' motions are GRANTED.

## BACKGROUND

**Procedural Background**

Plaintiff commenced this action on or about September 2, 2016, asserting Section 1983 and Fourth Amendment claims against Defendants Village of Goshen, Gregory Keleman[1] ("Defendant Keleman"), Detective Ryan Rich ("Defendant Rich") of the Village of Goshen

---

[1] Although the Plaintiff originally named Ken Kelleman as a Defendant, the Court ordered that his name be substituted with the proper defendant, Gregory Keleman, and terminated the action against Ken Kelleman on February 6, 2018. ( ECF No. 77.)

1

Police Department (collectively the "Village Defendants"), Defendants Michael Castner ("Defendant Castner") John Farell ("Defendant Farell"), Robert Foley ("Defendant Foley"), Jillian Guerrera ("Defendant Guerrera") and Michael Howard ("Defendant Howard") of the Federal Bureau of Investigation ("FBI") ("collectively the "Federal Defendants"), and Robert Nichols ("Defendant Nichols") of the Florida Lee County State Attorney's Office. On or about December 26, 2017, Plaintiff filed an Amended Complaint ("AC") asserting similar Section 1983 claims. (ECF No. 69) The AC is the operative complaint.

**Factual Background**

The following facts are derived from the AC, or matters of which the Court may take judicial notice and are assumed to be true for the purpose of these motions.[2]

On June 28, 2016, at 6 a.m., Plaintiff was asleep in his residence at 129 West Main Street, Goshen, New York, when the Federal Defendants and Defendant Nichols unlawfully entered his home. (Compl. ¶ 22.) Defendants entered the home without consent or a warrant, for purposes of making a felony arrest and to execute a warrantless search and seizure of his residence**.** (Compl. ¶ 23.)

At the time they entered, Defendants had their weapons drawn. (Compl. ¶ 24.) Immediately upon entering, Plaintiff was handcuffed and taken into custody. (*Id*.) Prior to being taken into custody, Plaintiff was not engaged in any violent or threatening behavior. (Compl. ¶ 25.) No exigent circumstances existed. (*Id*.) The FBI Defendants removed Plaintiff from his second-floor apartment and transferred him from FBI custody into the custody of Defendant

---

[2] When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and which are either in the plaintiff's possession or which the plaintiff knew about when bringing suit, or matters of which judicial notice may be taken. *Brass v. Am. Film Techs, Inc.*, 987 F.2d 142, 150 (2d. Cir. 1993); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 564 (S.D.N.Y. 2012).

"Keleman and the Village of Goshen." (Compl. ¶ 26.) Defendant Keleman transported Plaintiff to the Village of Goshen Police Department for arrest processing. (*Id.*)

The Federal Defendants along with Defendant Nichols remained at Plaintiff's residence for the purpose of executing the search. (Compl. ¶ 27.) Plaintiff wife was unlawfully placed under arrest, and then un-arrested moments later and removed from the residence.[3] (Compl. ¶ 28.) As a result of the incident, Plaintiff alleges he suffered various injuries, including permanent damage to his professional career, mental anguish, shock, fright, apprehension, humiliation and deprivation of his constitutional rights. (Compl. ¶¶ 35 and 36.)

The AC references and relies on an affidavit prepared by Defendant Nichols, dated November 6, 2017 ( the "Affidavit"),[4] wherein he states that he and Defendant Foley did not enter Plaintiff's residence due to their lack of authority and jurisdiction to enter, Detective Ryan Rich, members of the Orange County Deputies Task Force, and members of the FBI Hudson Valley RA Squad C-37 ("Task Force teams") went to Plaintiff's residence, knocked, announced their presence, entered the premises and arrested Plaintiff. (Compl. ¶ 29.) Plaintiff also references a deposition of Defendant Nichols taken on May 26, 2017, wherein he purportedly acknowledges participating in the arrest and the execution of the search. (Compl. ¶ 29.) Plaintiff further alleges that in the Affidavit, Defendant Nichols states that task force members secured the premises and were waiting to "acquiring a search warrant to execute that same day" and that "nothing was seized at this point, ...pending receipt of the search warrant." (Compl. ¶ 30.)

In the AC, plaintiff references statements made by Defendant Nichols in a video taped interrogation wherein he stated: "You were disappointed that you're living your life herein in –

---

[3] As noted in this Opinion, *pro se* Plaintiff cannot assert claims on behalf of his wife and Plaintiff's wife filed a separate lawsuit. See *Rosado v. Village of Goshen*, No. 17-cv-360 (S.D.N.Y. July 18, 2017). (ECF No. 27.)
[4] The Nichols' Affidavit, is contained within the documents of a Florida state court proceeding, Leon County No. 2016-CA-1546. (ECF No. 132, Declaration of Casey K. Lee in Support of Defendants' Motion to Dismiss ("Lee Decl."), Ex. 1), and may be considered by the Court. *See supra* note 2.

in New York, and you're doing your thing, and we, the law enforcement, are coming in and we're invading your house during a search warrant and arresting your husband."[5] (Compl. ¶ 29.) Plaintiff also references Nichols statement: "They're executing the search warrant over there. I know that when you were placed under arrest, and you were standing there talking, you wanted to use the bathroom and everything, I mean, I just happened to notice that there's a computer sitting in the room." (Compl. ¶ 30.) Plaintiff alleges that the transcript of the video confirms that the couple's computers, phones and other personal items were taken without a warrant. (Compl. ¶ 31.) Plaintiff also alleges that Defendants Nichols, Foley and Rich are observed on the video seeking password information and personal details from Plaintiff's wife. (*Id*.)

On July 8, 2016, Plaintiff's wife and power of attorney, Michelle Rosado, attempted to obtain a copy of the arrest report and affidavit used in support of the search warrant regarding the June 28, 2016 arrest and search. (Compl. ¶ 34.) Plaintiff's wife was informed by the officers at the Village of Goshen Police Department that she could obtain a copy from Defendant Village of Goshen at the Village Hall. Plaintiff's wife completed a Freedom of Information Request Act but was denied a copy of the requested information on July 12, 2016. (*Id*.)

In support of their motion, the Village Defendants submit a copy of the Florida Arrest Warrant wherein Plaintiff is charged with fifteen criminal counts, including felony offenses.[6] ( ECF No. 106, Declaration of Gil Auslander in Support of Motion to Dismiss ("Auslander Decl."), Ex. F at 1-5.) Attached to Plaintiff's original complaint, and referenced in the AC, is a copy of the search warrant executed on Plaintiff's home. (ECF No. 2, Ex. 1.) The search warrant was issued on June 28, 2016, by a New York State, Orange County Court judge. The search

---

[5] Defendants filed an audio transcription of the video interview from June 28, 2016. (Lee Decl. Ex. 2.) *See Supra* note 2.
[6] The Court takes judicial notice of this arrest warrant. *Awelewa v. New York City*, 11-cv-778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. 2012); *see also Case v. Anderson*, 16-cv-983 (NSR), 2017 WL 3701863, at *3 fn.4 (S.D.N.Y. 2017).

warrant provides that officers are authorized to search the premises identified as 129 West Main Street, Goshen, NY (Plaintiff's residence), between the hours of 6 a.m. and 9 p.m. (*Id*.) The search warrant authorizes officers to search all enclosures in the apartment, including computer equipment, cellular telephones, boxes, drawers, desks and bags. (*Id*.) The search warrant indicates that special agents of the FBI and investigators from the Florida State's Attorney Office are authorized to assist in the search, and that the Orange County District Attorney's Office was authorized to share information regarding the results of the search with the other agencies. (*Id.*) Furthermore, attached to Plaintiff's Complaint was a copy of a seized property list, which includes the Plaintiff's computer. (*Id*.)

In his AC, Plaintiff asserts two claims: 1) Plaintiff alleges the individual Defendants conspired to deprive him of his Fourth and Fourteenth Amendment rights under 42 U.S.C. §1983 (Compl. ¶ 43.); and 2) Plaintiff alleges that Defendant Village of Goshen should be held liable under Section1983 because their customs, procedures and policies were the moving force behind the individual defendants violations of Plaintiff's constitutional rights. Compl. ¶¶ 47-48.)

## LEGAL STANDARD

**Rule 12 (b)(1)**

A case is properly dismissed for lack of subject matter jurisdiction under Fed. Rule Civ. P. § 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). When challenged, a plaintiff asserting subject matter jurisdiction must demonstrate by a preponderance of the evidence that it exists. *Morrison v. Nat'l Australia Bank Ltd*., 547 F.3d 167, 170 (2d Cir. 2008); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint (*Conyers v.*

*Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

**Rule 12(b)(6)**

Under Rule 12(b)(6), the central inquiry for a motion to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *(Id.)* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" to credit "mere conclusory statements," or to accept "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 679. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In addition, a court should interpret a *pro se* complaint liberally[7] to raise the strongest arguments that they suggest. *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d. Cir. 2013). "[T]he liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Ndremizara v. Swiss Re. Am. Holding Corp.*, 93 F.Supp.3d. 301, 309-10 (S.D.N.Y. 2015).

---

[7] This Court liberally construed Plaintiff's claims as arising under Section 1983. Order of Service at 5, *Rosado v. Bondi*, 7:16-CV-6916 (NSR) (S.D.N.Y. Sept. 21, 2016).

Generally, a court is confined to the facts alleged in the complaint or petition for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d. Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d. Cir. 2013); *D/S Norden A/S*, 2017 WL 473913, at *2 (citing *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010)).

**Section 1983**

Section 1983 provides, in relevant part, that:"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal

statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998).

**Fourteenth Amendment**

Any claim based on the Fourteenth Amendment cannot stand against the Federal Defendants because the Fourteenth Amendment applies to actions by a State. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). Furthermore, although Plaintiff argues that his unlawful arrest, search and seizure claims are violations of both the Fourteenth and Fourth Amendments, the Fourteenth Amendment is "relevant" to Plaintiff's claims "only inasmuch as the Fourteenth Amendment's Due Process Clause makes the Fourth Amendment applicable to the Defendants as state actors." *Boans v. Town of Cheetowaga,* 5 F.Supp.3d 364, 381 (W.D.N.Y. 2014)(citing *Tenenbaum v. Williams*, 193 F.3d 581, 602 n.14 (2d. Cir. 1999); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)). Additionally, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these clams." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Thus, "because the Fourth Amendment 'provides an explicit textual source of constitutional behavior' against searches by law enforcement officials, Plaintiff's unlawful search claim cannot be analyzed under the Fourteenth Amendment." *Boans*, 5 F.Supp.3d at 381 (quoting *Albright*, 510 U.S. at 273).

**Fourth Amendment**

The Fourth Amendment protects citizens' "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The "ultimate touchstone" for an analysis of the constitutionality of a search or seizure under the Fourth Amendment is

reasonableness. *Riley v. California*, 573 U.S. 373, 381-82 (2014). The reasonableness standard invokes a "'careful balancing of governmental and private interests.'" *Harrell v. City of New York*, 138 F. Supp. 3d 479, 488 (S.D.N.Y. 2015) (quoting *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992)). This objective standard means that "so long as police do no more than they are objectively authorized and legally permitted to do," their actions will be considered legal in accordance with Fourth Amendment jurisprudence. *U.S. v. Scopo*, 19 F. 777, 783 (2d. Cir. 1994) (quoting *United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir. 1987)(in banc)). Typically, a search or seizure is not reasonable unless it is conducted pursuant to a warrant issued upon probable cause. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 619 (1989).

### *Monell* Claim

A municipality, like the Village of Goshen, may be sued under Section 1983 only "when execution of [the] government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Such a claim is commonly referred to as a *Monell* claim. A plaintiff asserting a *Monell* claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Courts in this Circuit apply a two-prong test for Section 1983 claims brought against a municipal entity. *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [the plaintiff's] injuries beyond merely employing the misbehaving officer." *Id*. (internal citation omitted). Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385

9

(1989)). "[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993); *see also Davis v. City of New York*, No. 07-CV-1395(RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008) (holding that "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations). A municipality may not be held liable under Section 1983 on a *respondeat superior* theory solely because the municipality employs a tortfeasor. *Monell,* 436 U.S. at 692. For an unofficial policy or custom to invite *Monell* liability, the practice, custom or usage must be so widespread and so persistent that it has the force of law. *See Lauro v. City of New York*, 39 F. Supp. 2d 351, 366 (S.D.N.Y. 1999), *rev'd on other grounds*, 219 F.3d 202 (2d Cir. 2000).

### *Bivens* Claim

Under *Bivens* and its progeny, federal courts can hear suits for money damages against federal government officials accused of violating constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) ("In *Bivens* ... we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." ); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) (" In [*Bivens*], this Court held that the victim of a Fourth Amendment violation by federal officers acting under color of their authority may bring suit for money damages against the officers in federal court." ); *Carlson v. Green*, 446 U.S. 14, 18– 19 (1980) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." ).

"'*Bivens* actions are not significantly dissimilar to claims brought under [42 U.S.C.] §§ 1981 and 1983 in terms of the interests being protected, the relief which may be granted and the defenses which may be asserted.'" *Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir.1987). "Because the two actions share the same 'practicalities of litigation,' federal courts have typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (citation omitted). Like § 1983 claims, Bivens actions preclude vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Hence, to prevail on a *Bivens* claim, a plaintiff must plead that there was a violation of a clearly established constitutional right and that a defendant was personally involved in the alleged wrong.

While *Bivens* allows a private right of action under the Fourth Amendment, the Supreme Court has extended *Bivens* to the Fifth Amendment's Due Process Clause and the Eighth Amendment's Cruel and Unusual Punishment Clause. *Davis v. Passman*, 442 U.S. 228 (1979) (extending *Bivens* to the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (extending *Bivens* to the Eight Amendment). Beyond those amendments, the Supreme Court has instructed courts to take a "cautious" approach and not accept *Bivens* claims in new contexts. *Ziglar v. Abbasi*, 582 U.S ___, 137 S. Ct. 1843 (2017) ("expanding the *Bivens* remedy is now considered a "disfavored" judicial activity.").

**DISCUSSION**

Defendant Nichols moves, *inter alia*, to dismiss Plaintiff's AC based on lack of subject matter jurisdiction. (ECF No. 134 at 14.) In his AC, Plaintiff asserts multiple claims of alleged deprivation of his civil rights pursuant Section1983 raising a federal question. Thus, the Court has subject matter jurisdiction arising under 28 U.S.C. §1331. *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution"). Defendant Nichols also asserts that for his alleged conduct, he is entitled to certain defenses which would deprive the Court of subject matter jurisdiction. Those defenses are appropriately discussed below.

Plaintiff asserts claims pursuant to Section 1983 against the Federal Defendants, who were acting in their official capacity at the time of the alleged constitutional violations. Construing the pleadings liberally, Plaintiff seeks to recover money damages for injuries he suffered as a result of federal agents' alleged violations of the Fourth Amendment. *Bivens*, 403 U.S. at 397. *Bivens* claims share the same practicalities of litigation as Section 1983 claims. *Tavarez v. Reno*, 54 F.3d at 110. It is a well-established rule in this Circuit that "personal involvement of the defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d. Cir. 1991); *Provost v. City of Newburgh*, 262 F.3d 146 (2d. Cir 2001); *Nunez v. City of New York*, 735 Fed.Appx. 756, 759 (2d. Cir. 2018). Like Section 1983 claims, *Bivens* actions preclude vicarious liability. *Iqbal*, 556 U.S. at 676. Hence, to prevail on his *Bivens* claim, the Plaintiff must plead that each Defendant violated a clearly established constitutional right and that the individual officer was personally involved in the alleged wrong.

Defendants argue that Plaintiff fails to properly plead the personal involvement of each

of the named Defendants. (ECF No. 131, Memorandum of Law In Support of Motion To Dismiss ("Fed. Defs. Mem."), at 6-7.) In his AC, Plaintiff pleads general statements about Defendants as a group, such as "Defendants made a non-consensual, warrantless entry" into Plaintiff's residence, or Plaintiff "was handcuffed and taken into custody." Plaintiff's generalized statements, which do not identify who did what, fails to meet the requisite standard. Plaintiff's generalized pleadings lacking in specificity do not meet the requisite showing of "personal involvement." See *Moffitt v. Town of Brookfield*, 950 F.2d at 886. According, Plaintiff's claims for unlawful seizure under the Fourth Amendment must be dismissed.

Even if Plaintiff's allegations are sufficient to support a finding of personal involvement, his claim for unlawful seizure would nonetheless fail. The elements of a Fourth Amendment claim for false imprisonment claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). Probable cause to arrest constitutes a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted)). The touchstone of a seizure is the restraint of an individual's personal liberty " in some way." *California v. Hodari D.*, 499 U.S. 621, 637 (1991) (internal citation omitted). Factors suggesting that a seizure, lacking in consent, may include: the threatening presence of police officers; the display of a weapon; physical contact by the officer; language indicating that compliance with the officer is compulsory; prolonged retention of a person's belongings; and a request by an officer to accompany him or her to the police station or a police room. *Gardiner v. Inc. Vill. of Endicott*, 50 F.3d 151, 155 (2d Cir.1995) (citing *United*

*States v. Lee*, 916 F.2d 814, 819 (2d Cir.1990). The threat of arrest alone by law enforcement officials when ignoring such threat is impossible has been deemed a seizure. See *Bennett v. Town of Riverhead*, 940 F. Supp. 481, 487 (E.D.N.Y. 1996).

Here, Plaintiff was arrested pursuant to an arrest warrant. Typically, a search or seizure is not reasonable unless it is conducted pursuant to a warrant issued upon probable cause. *Skinner v. Ry. Labor Execs.' Ass' n*, 489 U.S. 602, 619 (1989). The issuance of a warrant by a neutral judge, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause. *United States v. Ventresca*, 380 U.S. 102, 109 (1965). Nor is the use of an out-of-state warrant unique. In *Justice v. Kuhnapfel*, No. No. 13–CV–659 (MKB) 2014 WL 2434139 at *3(E.D. N.Y. May 29, 2014), a felony arrest warrant issued by a Michigan state court was enough to dismiss Section 1983 and Fourth Amendment false arrest claims against New York Police Officers.

Police do not need a search warrant to enter a suspect's home when they have an arrest warrant for that suspect. *Payton v. New York*, 445 U.S. 573, 603 (1980)("an arrest warrant found on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within"); *Mandola v. County of Nassau*, 222 F. Supp. 3d 203, 217 (E.D.N.Y. 2016) (citing *United States v. Lauter*, 57 F.3d 212, 214(2d. Cir. 1995). Importantly, an arrest warrant allows police to secure the premises pending receipt of a search warrant. See generally, *Michigan v. Summers*, 452 U.S. 692, 702-705 1981; *Hines v. City of Albany*, 2011 WL 2620381 at *9 (N.D.N.Y. July 1, 2011), affirmed, 520 Fed. Appx. 6 (2d. Cir. 2013) (citing *Bartlett v. City of New York*, 2005 WL 8887112 at *8(E.D.N.Y. Feb. 11, 2005)(citing *S. v. Pichardo*, 1992 WL 249964 at *5 (S.D.N.Y. Sept. 22, 1992); *Anderson v. U.S.*, 107 F.Supp. 2d 191, 197 (E.D.N.Y. 2000)(aff'd, 41 Fed. Appx. 506 (2d. Cir.

2002)). Police may engage in "protective sweeps" or look into "spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Maryland v. Buie*, 494 U.S. 325, 334 (1990).

A "search is presumptively reasonable when executed pursuant to a warrant."*Vaher v. Town of Orangetown*, 916 F.Supp.2d 404, 426 (S.D.N.Y.2013). Police Officers who rely in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity." *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir.1997). Since the Defendants' seizure and arrest of Plaintiff was pursuant to an arrest warrant, which creates a presumption of probable cause, the claims fails and must be dismissed.[8]

Similarly, Plaintiff's claim concerning the Defendants' search of his residence also fails. As previously mentioned , the police do not need a search warrant to enter a suspect's home when they have an arrest warrant for that suspect. *Payton v. New York*, 445 U.S. at 603. The Defendants were lawfully in Plaintiff's residence pursuant to the arrest warrant. While executing the arrest warrant, they were permitted to engage in "protective is" or look into "spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Maryland v. Buie*, 494 U.S. at 334. Officers may also temporary seize a premise which they have entered lawfully where they have probable cause to believe that the premises contains evidence

---

[8]There are relatively narrow grounds for challenging the validity of an arrest warrant. *Rodriguez v. City of Bridgeport*, 2005 WL 3307274 at *5 (D. Conn. 2005) ( "A plaintiff challenging the validity of an arrest warrant faces a heavy burden"). "When a warrant appears regular on its face, it constitutes probable cause for arrest." *Johnson v. Darby* 142 F. Supp. 3d 275, 278 (E.D.N.Y. 2015) (citing *T.L. Baker v. McCollan*, 443 U.S.137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)), aff'd sub nom. *Johnson v. Dobry*, 660 Fed.Appx. 69, 71 (2d Cir. 2016)("[The officer] was entitled to rely on the warrant unless he had been involved in obtaining it by fraud or it was invalid on its face."). Essentially, invalidity means that a police officer can look at the face of the warrant and plainly see that it is unenforceable. The District Court in *Johnson* uses the example of a warrant signed by "Santa Claus" or issued out of the "Supreme Court of Heaven" as examples of warrants that are plainly invalid. *Id*. at 279. No such showing has been made here. Morever, Plaintiff does not allege that the officer's executing the arrest warrant were acting in bad faith.

of a crime, and to secure the premises while awaiting a search warrant on the belief that crucial evidence could be destroyed *Cucuta v. New York City*, 25 F.Supp.3d 400, 415 (S.D.N.Y. 2014). Here, it was not unreasonable for police to temporarily secure Plaintiff's residence and remain until such time as a search warrant was obtained on the belief that crucial evidence could be removed or destroyed. Accordingly, Plaintiff's claims premised on an unlawful seizure must be dismissed.

Given that Plaintiff has failed to plausibly plead a Section 1983 claim, his conspiracy claims against the Defendants fails. "Broad allegations of conspiracy are insufficient; the plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Arar v. Ashcroft,* 585 F.3d 559, 569 (2d. Cir. 2009)(en banc). Here, Plaintiff has failed to plead facts sufficient to support a claim against any of the individual Defendants. In addition, Plaintiff has failed to plead any facts suggesting there was any sort of "agreement" to "achieve an unlawful end." According, the conspiracy claim must be dismissed.

Plaintiff's claims against the Village of Goshen premised on municipal liability, *Monell*, must be dismissed. *Monell* "does not provide a separate cause of action [simply] for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)(emphasis in original); *Claudio v. Sawyer*, 675 F.Supp.2d 403, 408 (S.D.N.Y. 2009). As a threshold matter, Plaintiff has failed to sufficient assert facts to support a finding that Defendants Rich and Keleman, members of the Village of Goshen Police Department, violated his constitutional rights. Moreover, Plaintiff has failed to establish that their actions went beyond a

"single incident of errant behavior." *Sams v. Rotundo*, 831 F.2d 397,402-403 (2d. Cir. 1987); *DeCarlo v. Fry*, 141 F.3d 56, 61(2d. Cir. 1998); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, (2d. Cir. 1991)("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level does not suffice to show a municipal policy."); *JF v. Carmel Central School District*, 168 F.Supp.3d 609, 617 (S.D.N.Y. 2016); *Thompson v. City of White Plains*, No. 13-cv-6602 (NSR) WL 4597433 at *5 (S.D.N.Y. July 29, 2015). Lastly, Plaintiff's *Monell* claim is asserted in conclusory fashion. Accordingly, the claim must be dismissed.

Defendants assert that their actions are protected, immune from liability by qualified immunity. Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions. *Lennon v. Miller*, 66 F.3d 416, 420 (1995). Government actors performing discretionary functions are shielded provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. at 818). The immunity protects a government actor if it was "objectively reasonable" for him to believe that his actions were lawful at the time of the challenged act." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Given that Plaintiff has failed to state a valid claim, the issue of qualified immunity is moot.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's Amended Complaint are GRANTED with prejudice. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 105, 130, and 134, to terminate the case, to serve a copy of this Opinion and Order upon the Plaintiff and to show proof on the docket. This constitutes the Court's Opinion and Order.

Dated: March 31, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge